IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ROBBIE BELL, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| | ) CIVIL ACTION NO.: |
| v. | ) |
| | ) |
| DEPUTY JOHNSON, | ) |
| In her individual and official capacity, | ) |
| ADVANCED CORRECTIONAL | ) JURY TRIAL REQUESTED |
| HEALTHCARE, INC., | ) |
| Temporarily Fictitiously-Named | ) |
| Parties: Jailer A, Jailer B, Jailer C, | ) |
| Jailer D, Jailer E, Jail Nurse A | ) |
| and Jail Nurse B, in their individual | ) |
| and official capacities. | ) |
| | ) |
| DEFENDANTS. | ) |

COMPLAINT

1.   Plaintiff brings this civil rights action to vindicate Plaintiff's rights under the United States Constitution, the Alabama State Constitution, and under the statutory laws of the United States and Alabama.

2.   This is an action for damages sustained by a citizen of the United States against Defendants for injuries sustained by the Plaintiff on March 11, 2015 when Defendant Officer Johnson willfully, wantonly and intentionally injured the Plaintiff with reckless disregard for the Plaintiff as a citizen of the state of Alabama and the United States of America. This is also an action against other Defendant Johnson and other Defendant Jailers for their deliberate indifference

towards the Plaintiff for their failure to provide medical care, violating Plaintiff's Fourth and Fourteenth Amendment right to Due Process by inflicting illegal punishment, engaging in a civil conspiracy, subjecting the Plaintiff to outrageous conduct, and their failure to implement proper policy and procedures. Finally, this is a pendent action under the Alabama Medical Liability Act against corporate and individual defendants for breaching their duties of medical care to the Plaintiff.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, and 1343(a)(3), (4) to obtain redress for deprivation of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

4. The Plaintiff also invokes the supplemental jurisdiction of this Court for state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1393 (b), in that the events or occurrences giving rise to plaintiff's claims occurred in the Northern District of Alabama, and pursuant to Alabama Code §§ 6-3-2 and 6-3-11 (1975).

## PARTIES

6. Plaintiff Robbie Bell is a citizen of the United States and a citizen of the State of Alabama. At the time of the incident making the basis of this Complaint, she was 56 years old.

7. Defendant Deputy Johnson ("Johnson") was the jailer who brutally threw Plaintiff on the ground the Plaintiff causing her bodily injury, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in punishment and the wanton, malicious and purposeful treatment of Plaintiff and a civil conspiracy to cover it up. Defendant Johnson is sued in her individual and official capacity.

8. Defendant Advanced Correctional Healthcare, Inc. (hereinafter referred to as "ACH") is an Illinois corporation, doing business in the State of Alabama by Agreement with the Sheriff of Jefferson County, Alabama and Jefferson County, Alabama, for the provision of inmate health services.

### Temporary Fictitious Naming of Parties

9. Plaintiff temporarily identifies the following Defendants with fictional names. The characteristics of said Defendants are clear and are identified to the best of Plaintiff's present ability by description and through photographs in the attached Exhibits, but their names are unknown. The actual identities of these Defendants will be uncovered through discovery:

10. Defendant Jailer A was a jailer/deputy on duty at the time of the incident making the basis of this claim, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in the punishment and wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff. Defendant Jailer A is that individual identified as such in the photographic Exhibits attached hereto. Defendant Jailer A is sued in his individual and official capacity.

11. Defendant Jailer B was a jailer/deputy on duty at the time of the incident making the basis of this claim, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in the punishment and wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff. Defendant Jailer B is that individual identified as such in the photographic Exhibits attached hereto. Defendant Jailer B is sued in his individual and official capacity.

12. Defendant Jailer C was a jailer/deputy on duty at the time of the incident making the basis of this claim, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in the punishment and wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff. Defendant Jailer C

is that individual identified as such in the photographic Exhibits attached hereto. Defendant Jailer C is sued in his individual and official capacity.

13. Defendant Jailer D was a jailer/deputy on duty at the time of the incident making the basis of this claim, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in the punishment and wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff. Defendant Jailer D is that individual identified as such in the photographic Exhibits attached hereto. Defendant Jailer D is sued in his individual and official capacity.

14. Defendant Jailer E was a jailer/deputy on duty at the time of the incident making the basis of this claim, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in the punishment and wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff. Defendant Jailer E is that individual identified as such in the photographic Exhibits attached hereto. Defendant Jailer E is sued in her individual and official capacity.

15. Defendant Jail Nurse A was a Jail medical staff member on duty at the time of the incident making the basis of this claim, was an employee and agent of ACH, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in

the wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff. Defendant Jail Nurse A is that individual identified as such in the photographic Exhibits attached hereto.

16. Defendant Jail Nurse B was a Jail medical staff member on duty at the time of the incident making the basis of this claim, was an employee and agent of ACH, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in the wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff. Defendant Jail Nurse B is that individual identified as such in the photographic Exhibits attached hereto.

## STATEMENT OF THE FACTS

17. On March 11, 2015, Plaintiff was arrested on a misdemeanor charge. She was transported to the Jefferson County Jail - Bessemer Annex (hereinafter the "Jail") and was booked.

18. At all times relevant herein, Plaintiff was a pretrial detainee and had been convicted of no crime.

19. At all relevant times herein, Defendant Johnson and Defendant Jailers A, B, C, D & E were acting under color of state law.

20. At the time of her arrest and booking into the Jail, Plaintiff was free from physical injury.

21. Upon completion of booking/intake, a jailer, Defendant Johnson, took Plaintiff to a holding cell.

22. While moving Plaintiff into the holding cell, Johnson grabbed Plaintiff by both shoulders and violently threw her down onto the concrete cell floor.

23. As a result of this attack, Plaintiff suffered (and was diagnosed with) fractures on the left side pubic symphysis, both pubic rami, and left side sacrum; associated soft tissue injuries, most notably left obturator externus muscle, with hemorrhage and edema. In layman's terms, her pelvis was fractured in at least three places - with fragmented bones - and the muscles around her hips and buttocks were severely bruised and swollen, with intramuscular bleeding.

24. Another detainee was present in the holding cell and witnessed the incident, then covered her mouth in shock and surprise at the brutal injury to Plaintiff.

25. At no time during the events relevant herein did Plaintiff pose any threat to Johnson or to any other person.

26. Plaintiff screamed in pain and remained on the floor in a fetal position for some time, moaning. Johnson did not immediately come back to check on Plaintiff, nor did anyone else.

27. Plaintiff was unable to sit in an upright position due to excruciating pain. In a couple of minutes, the Johnson came back into the cell, removed the other inmate, and left Plaintiff alone. Still no one came to give medical attention.

28. Johnson eventually returned and changed the Plaintiff into a jail jumpsuit, and was placed on the cell bench with the assistance of two male jailers/deputies, Jailer A and Jailer B. The entire time, Plaintiff was crying out in pain and was clearly in agony.

29. Plaintiff was then left alone in the holding cell for the next three (3) hours, without medical attention. Jail Nurse A walked to the cell, looked at the Plaintiff, talked about her with other Jailers, but provided no medical attention.

30. At approximately 11:45 a.m., Jailer A and Jailer B came into the holding cell, picked Plaintiff up off the ground by her arms and legs, and carried her to the isolation floor of the Jail. The Jailers walked past and conversed with Jail Nurse A, who did not provide medical attention. Defendant Jailers A and B laid Plaintiff down in an isolation cell and left her alone. The entire time, Plaintiff was crying out in pain and was clearly in agony.

31. Plaintiff was left alone in the isolation cell for another approximately ten (10) hours.

32. At 9:21 p.m., a female jailer (Jailer E) came to the isolation floor. The door to Plaintiff's cell was opened. Plaintiff was forced to crawl out of the isolation cell on her hands and knees. She could not put the full weight of her body on her legs. Without assistance, she had to pull herself up against a wall and slowly shimmy down a long hallway while a Jailer E stood and watched her. The entire time, Plaintiff was crying out in pain and was clearly in agony.

33.  Plaintiff was placed in a wheelchair by Defendant Jailers C, D and E, and by Jail Nurse B. Jail Nurse B gave Plaintiff no medical attention. Defendant Jailers C, D and E took Plaintiff to the booking area in the wheelchair. Plaintiff obviously needed medical attention and was given none by anyone. Plaintiff was wheeled out of the jail to a family member's car. A Jailer told her, "this didn't happen here."

34.  Plaintiff was in the custody of the Jail/Jefferson County Sheriff's Office for approximately eighteen (18) hours, eleven (11) of which with a broken pelvis. She was not given medical treatment by medical staff nor jailers. She was purposefully and cruelly tormented and was threatened.

35.  Cameras in the Jail recorded these events, including the severe injuries to Plaintiff at the hands of Defendant Johnson and the hours of cruel, deliberate indifference by the other named and fictitiously-named Defendants that followed.

36.  Plaintiff sought emergency and long-term medical treatment on her own upon her release from the Jail, but has suffered permanent mental, emotional and physical injuries.

## COUNT I - EXCESSIVE FORCE

37.  Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

38.  Defendant Johnson exercised her position of authority and acting under the color of state law in their capacity as a public official and representative

of the Birmingham Jail and/or Jefferson County Sheriff's Office, unlawfully subjected Plaintiff to excessive and unnecessary force when Plaintiff was brutally assaulted by Defendant Johnson while being placed into a holding cell. As stated in the facts, Defendant's behavior violated the Plaintiff's constitutionally protected rights under the Fourth and Fourteenth Amendment of the United States Constitution.

39. Defendant Johnson's use of force on Plaintiff was excessive and was objectively unreasonable.

40. As a result of Defendant Johnson's actions, Plaintiff sustained physical and psychological injury.

## COUNT II – ASSAULT AND BATTERY

41. Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

42. Defendant Johnson, exercising her position of authority and acting under the color of State Law in her capacity as a public official and representative of the Birmingham Jail and/or Jefferson County Sheriff's Office, assaulted and battered Plaintiff by willfully, wantonly and intentionally inflicting physical harm on Plaintiff. Said activity was known by Defendant Johnson to carry loss of life risks and/or major medical risks to the Plaintiff. Furthermore, Johnson brutally and cruelly harmed the Plaintiff without cause or provocation. As a result of Johnson's actions, Plaintiff sustained physical and psychological injury.

## COUNT III – FAILURE TO INTERVENE

43. Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

44. Defendant Johnson and the other fictitiously named officers, exercising their positions of authority and acting under the color of State Law in their capacity as public officials and representatives of the Birmingham Jail and/or Jefferson County Sheriff's Office, failed to prevent the wrongful assault, battery, unlawful punishment, and deliberate indifference of, and toward, Plaintiff. Under law clearly established by the 11th Circuit in 1996, officials who are present at the scene and observe another official violate an individual's constitutional rights, may be held liable under §1983. *Fundiller v. City of Cooper City*, 777 F.2d 1436 (11th Cir.1985). Liability attaches whether or not the officer is a supervisor. *Byrd v. Clark*, 783 F.2d 1002 (1986).

45. As a result of said Defendants' actions, Plaintiff sustained physical and psychological injuries.

## COUNT IV – DENIAL OF DUE PROCESS
## DELIBERATE INDIFFERENCE

46. Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

47. Defendant Johnson and Defendant Jailers A, B, C, D & E, exercising their positions of authority and acting under the color of State Law in their capacity

as public officials and representatives of the Birmingham Jail and/or Jefferson County Sheriff's Office, knew that Plaintiff had serious medical needs.

48. Nevertheless, said Defendants acted with deliberate indifference to said serious medical needs, and further failed and refused to obtain medical treatment for Plaintiff.

49. In doing so, said Defendants violated Plaintiff's right to due process under the Fourteenth Amendment of the United States Constitution.

50. As a result of said Defendants' actions, Plaintiff sustained physical and psychological injuries.

## COUNT V – DENIAL OF DUE PROCESS
## ILLEGAL PUNISHMENT

51. Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

52. Defendants Johnson and Defendant Jailers A, B, C, D & E, exercising their positions of authority and acting under the color of State Law in their capacity as public officials and representatives of the Birmingham Jail and/or Jefferson County Sheriff's Office, illegals punished Plaintiff by confining her to solitary confinement for more than ten (10) hours, all while she was suffering from a serious injury.

53. Under the Due Process Clause of the Fourteenth Amendment, Plaintiff, as a pretrial detainee, was entitled to conditions or restrictions of pretrial detention that did not amount to punishment. *Riley v. Dorton,* 115 F.3d at 1166.

54. Defendants' actions amounted to punishment and were not merely an incident of some other legitimate governmental purpose.

55. Plaintiff's injuries resulting from Defendants' actions were more than *de minimis*.

56. As a result of said Defendants' actions, Plaintiff sustained physical and psychological injuries.

## COUNT VI – TORT OF OUTRAGE

57. Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

58. Defendant Johnson and Defendant Jailers A, B, C, D & E, and Defendant Jail Nurse A and B caused Plaintiff to suffer great physical and emotional distress and other such matters as alleged herein when Defendant Johnson brutally injured the Plaintiff, then the other Defendants left Plaintiff in a holding cell for three (3) hours, then placed, or allowed to be placed, Plaintiff in solitary confinement for another ten (10) hours, all while Plaintiff was suffering in extreme agony and obviously needed serious medical care and treatment.

59. Said Defendants acted intentionally to cause Plaintiff emotional and/or physical distress.

60. Said Defendants' actions toward the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

61. The emotional distress and bodily injury that the Defendants caused the Plaintiff to suffer were so severe that no reasonable person could be expected to endure it.

62. As a result of said Defendants' actions, Plaintiff sustained physical and psychological injuries.

## COUNT VII - CIVIL CONSPIRACY

63. Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

64. Defendants Johnson, Defendant Jailers A, B, C, D & E, and Jail Nurse A and B, acting in concert, conspired to suppress the unwarranted and unlawful conduct of Defendant Johnson and the other Defendants.

65. Said Defendants carried out their conspiracy by failing to bring Plaintiff's injuries to the attention of supervisors or emergency medical personnel, by failing to provide medical care, by placing Plaintiff in an isolation cell on an isolation floor for half of a day and by violating other policies and procedures of the Jail and of the Jefferson County Sheriff's Office

66. Said conspiracy was entered into with the specific intent to cover up the violations of the Plaintiff's civil rights.

67. As a result of said Defendants' actions, Plaintiff sustained physical and psychological injuries, and was forced to incur medical expenses.

## COUNT VIII – ALABAMA MEDICAL LIABILITY ACT

68. At all relevant times, Defendant Jail Nurses A and B were acting as the agents and/or employees of ACH.

69. At all relevant times, Defendant Jail Nurses A and B, and Defendant ACH, individually and by and through its employees, were under a legal duty to exercise toward Plaintiff that degree of reasonable care, skill and diligence as other similarly situated health care providers in the same general line of practice under the facts and circumstances of this case.

70. Defendant ACH and Defendant Jail Nurses A and B, separately and severally, breached the standard of care required of them, and hence, were negligent in one or more of the following respects, to wit:

   a. Negligently failing to properly, adequately and/or safely evaluate and assess Plaintiff;

   b. Negligent diagnosis, care and treatment of Plaintiff;

   c. Negligently failing to act upon reports/information relative to the proper care of Plaintiff;

   d. Failure to follow policies and procedures concerning said procedure, whether implemented by law, employer, the State of Alabama or other entity;

e. Failure to devise, implement, prepare, provide or compel compliance with proper policies and procedures.

71. Defendant ACH is corporately liable for the actions of any and all medical care providers who attended or who failed to attend to Plaintiff. Furthermore, ACH is corporately liable and responsible for a failure to devise, implement, prepare, provide, or compel compliance with proper policies concerning the credentialing and qualifications of the medical staff providing care to Plaintiff.

72. Plaintiff was caused to seek emergency and long-term medical treatment on her own upon her release from the Jail.

73. Said Defendants' separate and several breaches of their duties of care caused Plaintiff to suffer physical and psychological damages, and medical expenses.

74. Plaintiff avers that the aforesaid negligence of said Defendants, separately and severally, combined and concurred to proximately cause the following injuries and damages, to wit:

Plaintiff was caused to suffer physical pain and suffering, she was caused to suffer permanent physical and neurological damage; she was caused to suffer mental anguish and emotional distress; she was caused to incur medical expenses; she will yet still incur future medical expenses; she will yet still incur more pain and suffering and mental anguish and emotional distress; she was caused to suffer a permanent injury to her body and

affecting her body as a whole; she was caused to suffer a permanent limitation and restriction of her activities; she was caused to suffer loss of enjoyment of life; she was caused to suffer interference with normal daily activities; she was caused to incur medical expenses; she was caused to suffer loss of earning capacity and/or lost wages; she was caused to be disfigured; she was caused to be otherwise permanently injured and damaged, all to her detriment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims of Defendant ACH and Defendant Jail Nurses A and B, separately and severally, compensatory and punitive damages in an amount to be determined by a struck jury, plus costs.

## PRAYER FOR RELIEF

1. Plaintiff requests the following equitable relief:

    a. Order the Defendants, their officers, agents, and employees to refrain from engaging in any of the predicate actions forming the basis of the pattern and practice of conduct described in the foregoing.

    b. Order the Defendants, their officers, agents and employees to adopt and implement policies and procedures to remedy the pattern or practice of conduct described herein above including but not limited to:

        (i) Policies that will insure the integrity of evidence;

        (ii) Insure thorough and competent investigations of excessive force allegations; and

        (iii) Insure adequate training regarding pretrial detainees and excessive force.

    c.   Order such other appropriate equitable relief as the interest of justice may require.

2. Grant Plaintiff compensatory and punitive damages against each of the individual Defendants in their individual capacities.

3. Grant Plaintiff compensatory and punitive damages against Defendant ACH.

4. Award Plaintiff costs and reasonable attorney fees.

5. Award such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts and issues so triable.

*/s/ Trey J. Malbrough*
Trey J. Malbrough
Bar Number: ASB-2898-R46M
Attorney for Plaintiff
THE MALBROUGH FIRM, LLC
Post Office Box 531383
Birmingham, Alabama 35253
Telephone: (205) 701-0707
Fax: (205) 820-0123
E-mail: trey@tmbfirm.com

## JURY DEMAND

Plaintiff hereby demands a struck jury for the trial in this cause.

*/s/ Trey J. Malbrough*

DEFENDANT'S ADDRESSES:

Deputy Johnson
c/o Jefferson County Sheriff's Office
Bessemer Office
1826 2nd Avenue North
Bessemer, AL 35020


Advanced Correctional Healthcare, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

## Appendix to Exhibits

Exhibit 1 - Johnson Attack

Exhibit 2 - Johnson & Jailer A 1/2

Exhibit 3 - Johnson & Jailer A 2/2

Exhibit 4 - Johnson & Jailer B

Exhibit 5 - Jailers A & B - Holding Hallway

Exhibit 6 - Jailers A & B, Nurse A - Holding Elevator

Exhibit 7 - Jailers A, B & E - Isolation Hall

Exhibit 8 - Isolation Hall - Jailer E

Exhibit 9 - Isolation Hall - Jailer E

Exhibit 10 - Hallway - Post-Isolation Group

Exhibit 11 - Plaintiff at Initial Booking

Exhibit 12 - Plaintiff at 8:43:43 AM

Exhibit 13 - Plaintiff at 8:44:39 AM

Exhibit 14 - Plaintiff at 8:48:12 AM

Exhibit 15 - Plaintiff at 9:21:31 PM

Exhibit 16 - Plaintiff at 9:21:49 PM

Exhibit 17 - Plaintiff at 9:22:59 PM

Exhibit 18 - Plaintiff at 10:18:07 AM

Exhibit 19 - Plaintiff at 10:59:27 AM