## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBBIE BELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:16-CV-278-TMP** |
| | ) | |
| **ADVANCED CORRECTIONAL** | ) | |
| **HEALTHCARE, INC.; KEVIN** | ) | |
| **WILSON; JOSEPH WARDELL;** | ) | |
| **FRANK JONES; LATONYA** | ) | |
| **WILSON; SERGEANT REEVES;** | ) | |
| **and APRIL JOHNSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

This cause is before the court on the motions to dismiss or, in the alternative,

for partial summary judgment,[1] filed by defendants April Johnson (doc. 14), Joseph

Wardell (doc. 29), Kevin Wilson (doc. 30), and Frank Jones (doc. 34), and the

---

[1]     The motions must be construed as motions for summary adjudication under Federal Rule of Civil Procedure 56 only if the court considers the affidavits attached to the motions filed by Johnson, Reeves, Wardell, Kevin Wilson, and Jones, in which each of the defendants assert that any actions described in the complaint were performed in the line and scope of his or her employment with the Jefferson County Sheriff's Office.  (<u>See</u> exhibits to docs. 14, 25, 29, 30, and 34).   The affidavits provide nothing more than a defendant's self-serving legal conclusion, and will not be considered by the court.  Accordingly, the motions are treated as motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12, and not as motions for summary judgment filed pursuant to Rule 56.   Plaintiff's response (doc. 39) includes a motion to strike the affidavits, which hereby is GRANTED.

motion to dismiss filed by Sergeant Reeves (doc. 25).   Defendants seek dismissal of some of plaintiff's claims.   This matter has been fully briefed.   The court has considered the pleadings and the arguments set forth by both parties.   The parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c).

## STANDARD OF REVIEW

Before the Supreme Court decided Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a court could dismiss a complaint only where it was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," as set forth in Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).   The well-established Rule 12(b)(6) standard set forth in Conley was expressly rejected in Twombly when the Supreme Court examined the sufficiency of a plaintiff's complaint and determined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. at 555 (citations omitted).    The Court went on to criticize Conley, stating

that "[t]he 'no set of facts' language has been questioned, criticized, and explained

away long enough" by courts and commentators, and "is best forgotten as an

incomplete, negative gloss on an accepted pleading standard: once a claim has been

stated adequately, it may be supported by showing any set of facts consistent with

the allegations in the complaint."   Twombly, 550 U.S. at 562-63.   The Supreme

Court emphasized, however, that "we do not require heightened fact pleading of

specifics, but only enough facts to state a claim to relief that is plausible on its face."

550 U.S. at 570.   The Supreme Court expanded on the Twombly standard when it

decided Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d

868 (2009), reiterating the Twombly determination that a claim is insufficiently

pleaded if it offers only "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action."   Iqbal, 129 S. Ct. at 1949.   The Court further

explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice.... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"—"that the pleader is entitled to relief."

Iqbal, 129 S. Ct. at 1949–50 (citation omitted).   See also Sinaltrainal v. Coca–Cola Co., 578 F.3d 1252 (11th Cir. 2009) ("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss" and "the well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" (quoting Iqbal and Twombly)). Applying these standards, the court examines the merits of the defendant's motion to dismiss.

## FACTS

Plaintiff Robbie Bell brought this action pursuant to 42 U.S.C. § 1983, through counsel, asserting violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and also asserting violations of Alabama law.   Her

claims arise from an incident that occurred when Bell was 56 years old.   The facts, as set forth in the amended complaint (doc. 8) describe her experience at the Jefferson County Jail - Bessemer Annex ("the Jail").   Bell was arrested on a misdemeanor charge on March 11, 2015, and was taken to the Jail.[2]   Each defendant who has moved for dismissal[3] was working at the Jail when Bell was taken into custody as a pretrial detainee.[4]

---

[2]       It should be noted that, in her Second Amended Complaint (Doc. 8), the plaintiff affirmatively alleges that each of the individual defendants was acting in the line and scope of his or her respective duties as a deputy in the Jefferson County Sheriff's Department.   For example, at paragraphs 7 through 12, plaintiff alleges that each respective individual defendant was "a jailer/deputy on duty at the time of the incident making the basis of this claim…."   In various paragraphs in each count of the amended complaint, the plaintiff alleges that the individual defendants were "exercising their positions of authority and acting under the color of State Law in their capacity as public officials and representatives of the Jail and/or Jefferson County Sheriff's Office…."   At Count VIII, she alleges that each individual defendant violated a duty to provide medical case arising from an Alabama statute that imposes such a duty on sheriffs and counties, which clearly implies their roles as sheriff's deputies.   More generally, the various constitutional claims pleaded in the amended complaint arise only because each defendant was a sheriff's deputy.   If they were not acting within their capacities as deputies/jailers, they would owe no such constitutional duties to the plaintiff.

[3]       The plaintiff also has described other jail employees involved in the acts complained of and has provided photographs taken from the jail surveillance equipment, but has not provided a name for those defendants.   The final defendant, Advanced Correctional Healthcare, Inc., is the corporate entity alleged to have been under contract to provide medical treatment to inmates.   The corporate defendant has not sought dismissal of any claims, and the status of any claims against those not-yet-named individuals or the corporate entity is not considered in this opinion except where expressly noted.

[4]       The plaintiff describes each of these defendants as a "jailer/deputy."   As discussed *infra*, the job title and duties of these defendants are integral facts to the assertions of absolute immunity under the Alabama Constitution.

Bell contends that Johnson, for no reason, violently threw her to the floor of a holding cell and that, as a result of Johnson's actions, Bell suffered three fractures to her pelvic bone and severe bruising, swelling, and intramuscular bleeding.  She further asserts that Kevin Wilson, Wardell, and Reeves were present during the attack and did not attempt to stop the attack, assess Bell's condition, alert medical personnel, or request medical treatment.   Bell further asserts that she was left on the floor of the cell, lying in the fetal position and moaning, and was not checked on by any jailors or given any medical attention.   Bell contends that Johnson returned to the cell and dressed Bell into a jail jumpsuit, that Kevin Wilson and Wardell lifted Bell from the floor onto a bench in the cell, and that she constantly cried out in pain. She was left on the bench for about 3 hours without any medical attention except that a nurse, whose name is not known to the plaintiff, looked through the cell-door window at Bell.   Next, Wardell and Kevin Wilson carried plaintiff to the isolation floor of the Jail and left her alone in a cell there.   Latonya Wilson was on duty in the isolation hall and saw Bell crying out in pain, but left her there alone for another 10 hours.   After about 10 hours, Bell was forced to crawl down the hallway because she was unable to walk.   She was then placed in a wheelchair, was taken in the wheelchair to a family member's car, and was allowed to leave.

6

The amended complaint asserts the following claims against the moving defendants:[5]

- Count I – Excessive Force, against Defendant Johnson;

- Count II – Assault and Battery, against Defendant Johnson;

- Count III – Failure to Intervene, against Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, and Reeves;

- Count IV –  Denial of Due Process/Deliberate Indifference, against Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, and Reeves;

- Count V – Denial of Due Process/Illegal Punishment, against Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, and Reeves;[6]

- Count VI – Tort of Outrage, against Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, and Reeves;

---

[5]     Claims asserted against the unnamed defendants or the corporate defendant are not relevant to these motions and are not addressed herein.   Defendant Advance Correctional Healthcare, Inc., has filed an answer.   Defendant Latonya Wilson has filed neither an answer nor a motion to dismiss, but counsel has entered a notice of appearance on her behalf.

[6]     Because the plaintiff was a pretrial detainee at the time in question, her claims are analyzed under the Fourteenth Amendment. See, *e.g.*, Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause").   Nevertheless, in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the Eighth Amendment for convicted persons, which is "deliberate indifference" to the need for medical care. Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986); Melton v. Abston, ___ F.3d ___, 2016 WL 6819670, at *6 (11th Cir. Nov. 18, 2016).   Her claims related to the use of excessive force, however, are analyzed under an "objective reasonableness" standard.   Kingsley v. Hendrickson, ___ U.S. ___, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015).

- Count VII – Civil Conspiracy, against Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, and Reeves; and

- Count VIII – Failure to Provide Necessary Medicines and Medical Attention, against Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, and Reeves.

## DISCUSSION

The defendants argue that the federal claims brought against them in their official capacities[7] are due to be dismissed based upon the sovereign immunity set forth in the Eleventh Amendment.  (Doc. 39, p. 2).  Plaintiff has acknowledged that the claims against these defendants in their official capacities were included in error, and stipulates to the dismissal of the official-capacity claims.   In addition, the plaintiff stipulates to the dismissal of Count III – Failure to Intervene, against Jones and Johnson,[8] and to any request for injunctive relief.   (Doc. 39, p. 2).  Accordingly, the motions to dismiss are due to be granted as to all claims against all movants in their official capacities, and as to any claims for injunctive relief against all movants.  Also, the motions are granted and as to the Count III—Failure to

---

[7]      Defendant Johnson has not sought dismissal of the federal claims asserted against her in her *individual* capacity, only in her official capacity.   (Doc. 14, n. 1).

[8]      Plaintiff does not agree to dismiss the failure-to-intervene claims against any other defendants in their individual capacities.

Intervene claims set forth against defendants Johnson and Jones are DISMISSED.[9]

Still in dispute are the defendants' claims that (1) they are immune from liability for

any of the state-law claims based on the absolute immunity afforded them under the

Alabama Constitution, and (2) that Claim VIII – Failure to Provide Medical Care is

not cognizable as a private cause of action under Alabama law.

### A. Absolute Immunity under the Alabama Constitution

Bell has asserted state-law claims of outrage and failure to provide necessary

medical attention (Counts VI and VIII) against Kevin Wilson, Wardell, Latonya

Wilson, Reeves, and Johnson.   Bell also has asserted a state-law assault and battery

claim against Johnson.   (Count II).[10]   The moving defendants assert that they are

entitled to immunity from these claims in their individual capacities based upon

state-law absolute immunity.   Plaintiff asserts that the immunity is not available

where it may be demonstrated that the actions were taken outside of the line and

scope of the defendant's employment.

---

[9]    The Count III—Failure to Intervene claims set forth against defendants Kevin Wilson,
Wardell, Latonya Wilson, and Sergeant Reeves, in their *individual* capacities are not challenged in
the motions to dismiss and remain pending.

[10]    Because the plaintiff has expressed consent to the dismissal of all official-capacity
claims (doc. 39, p. 2), these claims are asserted against these defendants as individual-capacity
claims.

Article I, Section 14 of the Alabama Constitution provides immunity from suit against any state officer or employee when the action is, in reality, a lawsuit against the state.    Phillips v. Thomas, 555 So. 2d 81, 83 (Ala. 1989).   The extension of state-law immunities is governed, of course, by state law.   Carr v. City of Florence, 916 F.2d 1521, 1525 (11th Cir. 1990).   Section 14 immunity has been extended to both sheriffs within the state and to deputy sheriffs, when they are sued in their individual capacities "for acts they perform in the line and scope of their employment."   Ex parte Donaldson, 80 So. 3d 895, 897 (Ala. 2011).   See also Alexander v. Hatfield, 652 So. 2d 1142 (Ala. 1994).   The extension of the immunity to a deputy has been explained as appropriate because the "acts of the deputy are the acts of the sheriff."   Donaldson, 80 So. 3d at 898.[11]

The Alabama Supreme court has affirmed the dismissal of claims against deputy sheriffs even where the complaint alleged that the deputies acted "negligently, willfully, maliciously, fraudulently, in bad faith and beyond their authority" in failing to monitor a jail inmate who ultimately committed suicide.   Ex parte Sumter County, 953 So. 2d 1235, 1237 (Ala. 2006).   See also Ex parte Davis,

---

[11]      In McMillian v. Johnson, the Eleventh Circuit Court of Appeals held that Alabama law provides a bar to such suits against a sheriff in his individual capacity.   McMillian v. Johnson, 101 F.3d 1363, 1365 (11th Cir. 1996) (admitting that the language used was "confusing" in Tinney v. Shores, 77 F.3d 378 (11th Cir. 1996), but that Tinney mandated that sovereign immunity apply to shield sheriffs from suit when sued in their individual capacities).

9 So. 3d 480 (Ala. 2008) (finding deputies absolutely immune where negligence prevented inmate from receiving medication, resulting in the inmate's death).   Even though the immunity has been extended generally to deputy sheriffs, the courts have recognized a limit to that extension.

The Alabama Supreme Court has held that "a jailer employed by a sheriff" is not the same as a deputy sheriff and is not entitled to the same immunity.   Ex parte Shelley, 53 So. 3d 887 (2009).[12]   In Shelley, a jailer was driving a van to transport an inmate from a correctional facility to a county jail.   The jailer apparently ran a red light and collided with a vehicle.   The inmate was killed in the accident.   The jailer sought absolute immunity under the state constitution, citing Alabama Supreme Court holdings, including Ex parte Sumter, *supra*, which stated that jailers and deputies are "alter egos" of the sheriff and are entitled to the same immunity. 53 So. 3d at 891-92.   The court pointed out that not all jailers are deputy sheriffs, and that the citations were *dicta*.   53 So. 3d at 892.   Because the court found that

---

[12]     The Eleventh Circuit Court of Appeals determined in Lancaster v. Monroe County, Ala., 116 F.3d 1419 at 1429-30 (11th 1997), that "Alabama jailers are state officials entitled to Eleventh Amendment immunity when sued in their official capacities" because jailers "are responsible to the sheriff for their performance of state-mandated duties." The Eleventh Circuit Court of Appeals in LeFrere v. Quezada, 582 F.3d 1360 (2009), certified the question as to whether a jailer is entitled to absolute immunity under Alabama law, but the Alabama Supreme Court declined to answer the certified question. 588 F.3d 1317 (2009).   Shortly thereafter, however, the state court decided Shelley.   Shelley then became the governing case.   That changed, however, when the Alabama Legislature extended the immunity by statute in 2011. Ala. Code § 14-6-1.

the jailer who drove the van in <u>Shelley</u> was not a deputy sheriff but was merely a jail

employee, the court declined to extend the immunity, noting that as a van driver for

the jail the defendant was not "a constitutional officer" and could be distinguished

from a deputy sheriff who has been given the powers of a sheriff, who "stand[s] in

the stead" of the sheriff and who can "undertake every act that the sheriff could

perform."   <u>Shelley</u>, 53 So. 3d at 896, quoting <u>Rogers v. Carroll</u>, 20 So. 602 (1896).

While the courts recognized limits on absolute immunity to employees

working within the power of the sheriffs, the Alabama Legislature has determined

that the immunity provided to jailers should be more expansive.   In the aftermath of

<u>Shelley</u>, the Alabama Legislature in 2011 enacted the Jailer Liability Protection

Act.[13]   Alabama Code § 14-6-1 now provides that persons "employed by the sheriff

shall be acting for and under the direction and supervision of the sheriff and shall be

entitled to the same immunities and legal protections granted to the sheriff" under

the Constitution of Alabama when those employees are acting within the "line and

scope of their duties and are acting in compliance with the law."   <u>Ala. Code</u> § 4-6-1.

The duties of a sheriff are further explained in Alabama Code § 36-22-3(b), which

provides that deputies or jailers working "under the direction and supervision of the

_____

[13]   The defendants have not raised this statute in their motions to dismiss, except to assert that the duties of working in the jail were part of their duties as deputy sheriffs.

sheriff [are] entitled to the same immunities and legal protections granted to the

sheriff under the Constitution of Alabama of 1901, as long as he or she is acting

within the line and scope of his or her duties and is acting in compliance with the

law."

In this case, the plaintiff identifies each defendant as a "jailer/deputy."[14]   The

question of whether they are entitled to absolute immunity under Section 14 and

Alabama Code Sections 14-6-1 and 36-22-3(b) must be resolved by determining

whether the defendants were acting within the "line and scope of their duties" and "in

compliance with the law" as set forth in Section 14-6-1.   What job title they held, or

what duties they performed, are no longer decisive factors in determining absolute

immunity.     Because the plaintiff herself has alleged affirmatively that the

defendants were acting within the line and scope of their duties, the only remaining

question is whether, under the facts alleged by the plaintiff (which are taken as true

for purposes of the motions to dismiss), the individual defendants were "in

compliance with the law."   What the Alabama legislature intended this phrase to

mean is unclear and something of a riddle.   While courts are required to construe

---

[14]      Because the motions at hand are motions to dismiss, and have not been converted to
motions for summary judgment, as discussed *infra,* the defendants' affidavits which state that they
are deputy sheriffs, is not considered because those affidavits are not part of the pleadings in this
case.   Nonetheless, as pointed out in fn. 2, *supra*, the plaintiff has affirmatively alleged that the
individual defendants were jailer/deputies and acting within the line and scope of the authority.

13

statutes in a way that gives meaning to every part of the statute, it seems unnecessary to extend immunity to jailers if it applies only in those instances when they are acting "in compliance with the law."  If the jailer is acting "in compliance with law," it seems unlikely that he can be civilly liable for his acts, but if he does not act "in compliance with the law," (that is, when he has done something that may expose him to civil liability), he loses the immunity.

The definition of acting "in compliance with the law," however, has not yet been provided by the Alabama Supreme Court.  The question has twice been certified to the Alabama Supreme Court, but that court has declined to answer.  See Johnson v. Conner, 720 F.3d 1311 (11th Cir. 2013), [15] Sawyer v. Collins, No. 2:12-0020-KD-M, 2012 WL 6052000 (S.D. Ala. Dec. 5, 2012).   In an unpublished opinion, the Eleventh Circuit Court of Appeals remanded to the district court an issue relating to the immunity afforded under Section 14-6-1, noting that the Alabama Supreme Court has failed to address the meaning of the phrase "in compliance with the law."   See Ronnie Guy Young v. Kimberly Myhrer, et al., Case No. 2:14-cv-00407-VEH (11th Cir., June 2, 2016).

_____

[15]      Johnson ultimately was decided on the basis of the non-retroactivity of the statute, and not the meaning of "in compliance with the law."   Johnson v. Conner, 754 F.3d 918 (11th Cir. 2014).

Another court within this district has examined the application of the immunity supplied by Section 14-6-1 in the context of defendant jailers and liability for a failure to provide medical care in Hobbs v. Powell, 138 F. Supp. 3d 1328 (N.D. Ala. 2015).   After first finding that the statute was not unconstitutional, the court denied a Rule 12(b)(6) motion, finding that the grant of immunity to a jailer was not available unless the jailer was *both* acting in the line and scope of his or her duties, and "in compliance with the law."   138 F. Supp. 3d at 1328, 1340.   The court further noted that the "law" might encompass jail regulations and procedures as well as constitutional or statutory requirements. 138 F. Supp. 3d at 1338-39.

Alabama case law persuades the court that resolution of the state-law immunity defense requires that the factual basis of each defendant's status and conduct be examined.   For that reason, it may be that the question of immunity for jailers under § 14-6-1 was not intended to be answered on the basis of the pleadings alone, but reserved for decision on a factual evidentiary basis.   In response to the pending motions to dismiss, the plaintiff has requested the opportunity to conduct discovery on the issue of the defendants' employment status[16] and conduct, and thus

---

[16]      The court does not retreat from its conclusion that the plaintiff has pleaded affirmatively that the individual defendants were acting within the line and scope of their authority as jailer.   The only immunity question is whether, factually, their actual conduct was "in compliance with the law."   That must await development through discovery.

the question of the application of Section 14 immunity to these defendants in their individual capacities may be revisited at a later juncture.[17]   At this time, however, the motions to dismiss Counts II, VI, and VII on that basis are due to be denied.

### B.  Failure to Provide Medical Attention

The plaintiff has asserted as Count VIII that the defendants are liable under Alabama Code § 14-6-19 for "failure to provide necessary medicines and medical attention."   The Alabama statute requires that "[n]ecessary clothing and bedding must be furnished by the sheriff or jailer, at the expense of the county, to those prisoners who are unable to provide them for themselves, and also necessary medicines and medical attention to those who are sick and injured, when they are unable to provide them for themselves."   Alabama Code § 14-6-19.   The defendants assert that the statute does not provide any private cause of action against individuals, citing Johnson v. Conner, 2012 WL 3962012 (M.D. Ala. Sept. 10, 2012), aff'd on other grounds, 754 F.3d 918 (11th Cir. 2014).   The plaintiff has not responded to the contention that no private right of action exists against the defendants.

---

[17]   This conclusion is consistent with the general rule that courts should avoid issuing advisory opinions.  If the factual evidence developed through discovery establishes without substantial dispute that one or more of the individual defendants did nothing supporting a cause of action against him or her, it is unnecessary to reach the vexing question of immunity under Ala. Code § 14-6-1.   Doing so at this stage of the case would be an unnecessary advisory opinion.

In <u>Johnson</u>, the district court noted that claims against *counties* have been found to be viable under Section 14-6-19, but that the plaintiff "cited no authority" to demonstrate that an individual deputy or jailer could be liable in his individual capacity for a failure to provide the care set forth in the statute.   But the court in <u>Johnson</u> did not go so far as to limit liability under the statute to counties or to official-capacity defendants.

The clear language of the statute places the responsibility for providing medical attention on "the sheriff or jailer."   Moreover, some Alabama case law implies that it is at least possible for a defendant jailer to be liable in his or her individual capacity for the failure to provide "necessary medicines and medical attention" to an injured inmate.   For example, in the Alabama Supreme Court held that a genuine issue of fact precluded summary judgment for a jail nurse sued under § 14-6-1.   The court wrote, "The facts of this case raise a genuine issue of material fact as to whether [Nurse] Manning provided Wilson the 'necessary medicines and medical attention' required by § 14–6–19."   <u>Wilson v. Manning</u>, 880 So. 2d 1101, 1109 (Ala. 2003).   The court expressly noted that Nurse Manning had assumed to herself the duty imposed by the statute on sheriffs and jailers; thus recognizing the existence of a duty under the statute upon which suit could be brought.   Other than <u>Johnson</u>, which relies simply on the absence of definitive case authority, no court has stated

explicitly that the language of the statute does not imply that a private cause of action may be sustained in such a case.   Because <u>Wilson v. Manning</u> at least implies that such a claim is recognized in Alabama law, the motion to dismiss Count VIII is due to be denied.

## **CONCLUSION**

Based upon the foregoing, it is ORDERED and ADJUDGED as follows:

1.   April Johnson's motion to dismiss (Doc. 14) is due to be GRANTED as to all federal claims asserted against her in her official capacity, the Section 1983 claim for failure to intervene in Count III, and all claims for injunctive relief.   Her motion to dismiss due to be DENIED as to all state-law claims;

2.   Brian Reeves' motion to dismiss (Doc. 25) is due to be GRANTED as to all federal claims asserted against him in his official capacity and all claims for injunctive relief, but it due to be DENIED as to all state-law claims;

3.   Josephs Wardell's motion to dismiss (Doc. 29) is due to be GRANTED as to all federal claims asserted against him in his official capacity and all claims for injunctive relief, but it due to be DENIED as to all state-law claims;

4.   Kevin Wilson's motion to dismiss (Doc. 29) is due to be GRANTED as to all federal claims asserted against him in his official capacity and all claims for injunctive relief, but it due to be DENIED as to all state-law claims;

5.   Frank Jones' motion to dismiss (Doc. 34), is due to be GRANTED as to all federal claims asserted against him in his official capacity, the Section 1983 claim for failure to intervene in Count III, and all claims for injunctive relief, but it due to be DENIED as to all state-law claims.

The federal claims against Johnson in her individual capacity asserted pursuant to Sections 1983 and 1985 for excessive force, denial of due process/deliberate indifference, denial of due process/illegal punishment, and civil conspiracy (Counts I, IV, V, and VII) were not made the subject of the motion and remain pending.   The federal claims against Jones in his individual capacity asserted pursuant to Sections 1983 and 1985 for denial of due process/deliberate indifference, denial of due process/illegal punishment, and civil conspiracy (Counts IV, V, and VII) also were not addressed in his motion and remain pending.

The federal claims asserted pursuant to Section 1983 for failure to intervene (Count III) remain pending against Kevin Wilson, Joseph Wardell, and Brian Reeves in their individual capacities, as well as against Latonya Wilson (who has not filed any motion to dismiss).

All state-law claims against all defendants remain pending.

A separate order will be entered.

DATED the 14th day of December, 2016.

        T. MICHAEL PUTNAM
        UNITED STATES MAGISTRATE JUDGE