IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBBIE BELL, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | 2:16-cv-00278-TMP |
| | ) | |
| APRIL JOHNSON, | ) | |
| KEVIN WILSON, | ) | |
| JOSEPH WARDELL, | ) | JURY TRIAL DEMANDED |
| FRANK JONES, | ) | |
| LATONYA WILSON, | ) | |
| BRIAN REEVES, | ) | |
| JAILER MACHEN, | ) | |
| TAUNYEKA BROWN, | ) | |
| NURSE COLE, | ) | |
| ADVANCED CORRECTIONAL | ) | |
| HEALTHCARE, INC.; | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## SECOND AMENDED COMPLAINT

1.     Plaintiff brings this civil rights action to vindicate Plaintiff's rights under the United States Constitution, the Alabama State Constitution, and under the statutory laws of the United States and the State of Alabama.

2.     This is an action for damages sustained by a citizen of the United States against Defendants for injuries sustained by the Plaintiff on March 11, 2015 when Defendant April Johnson willfully, wantonly and intentionally injured the Plaintiff with reckless disregard for the Plaintiff as a citizen of the state of Alabama and the United States of America.  This is also an action against other

Defendants for their deliberate indifference towards the Plaintiff for their failure to provide medical care, for violating Plaintiff's Fourth and Fourteenth Amendment right to Due Process by inflicting illegal punishment, for engaging in a civil conspiracy, for subjecting the Plaintiff to outrageous conduct, and for the failure to implement proper policy and procedures. Finally, this is a pendent action under the Alabama Medical Liability Act against corporate and individual defendants for breaching their duties of medical care to the Plaintiff.

JURISDICTION AND VENUE

3.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, and 1343(a)(3), (4) to obtain redress for deprivation of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

4.     The Plaintiff also invokes the supplemental jurisdiction of this Court for state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

5.     Venue is proper pursuant to 28 U.S.C. § 1393 (b), in that the events or occurrences giving rise to plaintiff's claims occurred in the Northern District of Alabama, and pursuant to Alabama Code §§ 6-3-2 and 6-3-11 (1975).

## PARTIES

6.     Plaintiff Robbie Bell is a citizen of the United States and a resident citizen of the State of Alabama.  At the time of the incident making the basis of this Amended Complaint, she was 56 years old.

7.     Defendant April Johnson (hereinafter "Johnson") was, at all relevant times herein, a jailer at the Jefferson County Jail - Bessemer Annex (hereinafter the "Jail").  Johnson was the jailer who brutally threw Plaintiff on the ground the Plaintiff causing her bodily injury, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in punishment and the wanton, malicious and purposeful treatment of Plaintiff and a civil conspiracy to cover it up.  Defendant Johnson is sued in her individual capacity.

8.     Defendant Kevin Wilson (hereinafter "Kevin Wilson") was a jailer at the Jail, on duty at the time of the incident making the basis of this claim, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in the punishment and wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff.  Defendant Kevin Wilson is sued in his individual capacity.

9.     Defendant Joseph Wardell (hereinafter "Wardell") was a jailer at the Jail, on duty at the time of the incident making the basis of this claim, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in the punishment and wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff.  Defendant Wardell is sued in his individual capacity.

10.     Defendant Frank Jones (hereinafter "Jones") was a jailer at the Jail, on duty at the time of the incident making the basis of this claim, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in the punishment and wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff.  Defendant Jones is sued in his individual capacity.

11.     Defendant Latonya Wilson (hereinafter "Latonya Wilson") was a jailer at the Jail, on duty at the time of the incident making the basis of this claim, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in the punishment and wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff.   Defendant Latonya Wilson is sued in her individual capacity.

12.    Defendant Brian Reeves (hereinafter "Reeves") was a jailer and a supervisor at the Jail, on duty at the time of the incident making the basis of this claim, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in the punishment and wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff.  Defendant Reeves is sued in his individual capacity.

13.    Defendant Jailer Machen (hereinafter "Machen") was a jailer at the Jail, on duty at the time of the incident making the basis of this claim, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in the punishment and wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff.  Defendant Jones is sued in his individual capacity.

14.    Defendant Taunyeka Brown (hereinafter "Brown") was a medical staff member at the Jail, on duty at the time of the incident making the basis of this claim, and was further an employee and agent of ACH, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in the wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff.

15.    Defendant Nurse Cole (hereinafter "Cole") was a medical staff member at the Jail, on duty at the time of the incident making the basis of this

claim, and was further an employee and agent of ACH, and was one of the individuals who had a duty to provide medical treatment to Plaintiff and failed to do so, with deliberate indifference, and who participated in the wanton, malicious and purposeful treatment of, and civil conspiracy against, Plaintiff.

16.     Defendant Advanced Correctional Healthcare, Inc. (hereinafter referred to as "ACH") is an Illinois corporation, doing business in the State of Alabama by Agreement with the Sheriff of Jefferson County, Alabama and Jefferson County, Alabama, for the provision of inmate health services.

<u>STATEMENT OF THE FACTS</u>

17.     On March 11, 2015, Plaintiff was arrested on a misdemeanor charge. She was transported to the Jefferson County Jail - Bessemer Annex and was booked.

18.     At all times relevant herein, Plaintiff was a pretrial detainee and had been convicted of no crime.

19.     At all relevant times herein, Defendants Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson and Reeves were acting under color of state law.

20.     At all times relevant herein, ACH was under contract with the Jefferson County Sheriff's Office to provide medical treatment to inmates in the Jail.

21.     At all times relevant herein, Defendant Taunyeka Brown was an employee and agent of ACH and was working as an employee and agent of ACH.

22.     At all times relevant herein, Jail Nurse 2 was an employee and agent of ACH and was working as an employee and agent of ACH.

23.     At the time of her arrest and booking into the Jail, Plaintiff was free from physical injury.

24.     Upon completion of booking/intake, a jailer, Defendant Johnson, took Plaintiff to a holding cell.

25.     While moving Plaintiff into the holding cell, Johnson grabbed Plaintiff by both shoulders and violently threw her down onto the concrete cell floor.

26.     As a result of this attack, Plaintiff suffered (and was diagnosed with) fractures on the left side pubic symphysis, both pubic rami, and left side sacrum; associated soft tissue injuries, most notably left obturator externus muscle, with hemorrhage and edema.  In layman's terms, her pelvis was fractured in at least three places - with fragmented bones - and the muscles around her hips and buttocks were severely bruised and swollen, with intramuscular bleeding.

27.     Another detainee was present in the holding cell and witnessed the incident, then covered her mouth in shock and surprise at the brutal injury to Plaintiff.

28.     At no time during the events relevant herein did Plaintiff pose any threat to Johnson or to any other person.

29.     Plaintiff screamed in pain as she was thrown on the ground and injured.  Kevin Wilson, Wardell and Reeves were present during the attack and

witnessed Plaintiff on the ground in an injured state, but did nothing about the attack, did not check on Plaintiff's condition, offered no medical treatment, and failed to alert medical staff of the situation.

30.     Plaintiff remained on the floor in a fetal position for some time, moaning. Defendants Johnson, Kevin Wilson, Wardell and Reeves did not come back to check on Plaintiff during this time, nor did any other jail staff.

31.     Plaintiff was unable to sit in an upright position due to excruciating pain.  After some time, Johnson came back into the cell, removed the other inmate, and left Plaintiff alone.  Still no one came to give medical attention.

32.     Johnson eventually returned and changed the Plaintiff into a jail jumpsuit, and was placed on the cell bench with the assistance of Defendants Kevin Wilson and Wardell.  The entire time, Plaintiff was crying out in pain and was clearly in agony. Defendants Johnson, Kevin Wilson, Wardell and Reeves all knew or should have known that Plaintiff deeded medical attention, yet none of them took action to provide it.

33.     Plaintiff was then left alone in the holding cell for the next three (3) hours, still without medical attention.  Defendant Brown walked to the holding cell and looked through the cell door window at the Plaintiff.  Defendant Brown then left and took no further action to check on Plaintiff, offer her medical attention, call the Jail Physician, or call for emergency services.

34.     At approximately 11:45 a.m., Defendants Kevin Wilson and Wardell came into the holding cell, picked Plaintiff up off the ground by her arms and legs,

and carried her to the isolation floor of the Jail. Defendants Kevin Wilson and Wardell walked with Defendant Brown from the holding floor to the female isolation hall, carrying the Plaintiff, who was screaming in pain. The entire time, Defendant Brown did not attempt to evaluate Plaintiff's condition, nor did she provide medical attention. Defendants Kevin Wilson and Wardell laid Plaintiff down in an isolation cell and left her alone.

35.    At this time, Defendant Latonya Wilson was on duty in the Female Isolation Hall and witnessed the condition of Plaintiff and the actions of Defendants Kevin Wilson and Wardell. The entire time, Plaintiff was crying out in pain and was clearly in agony.

36.    Plaintiff was left alone in the isolation cell for another approximately ten (10) hours.

37.    At approximately 9:21 p.m., Defendant Jailer 1 came to the isolation floor and opened the door to Plaintiff's cell. Plaintiff was forced to crawl out of the isolation cell on her hands and knees. She could not put the full weight of her body on her legs. Without assistance, Plaintiff had to pull herself up against a wall and slowly shimmy down a long hallway while Defendant Jailer 1 stood and watched her. The entire time, Plaintiff was crying out in pain and was clearly in agony.

38.    Defendants Frank Jones, Jailer 1, Jailer 2 and Jail Nurse 2 then placed Plaintiff in a wheelchair. Jail Nurse 2 did not offer Plaintiff medical attention, nor did she call the Jail Physician or call emergency services. Defendants Frank Jones,

Jailer 1, Jailer 2 and Jail Nurse 2 then took Plaintiff to the booking area in the wheelchair. Plaintiff was wheeled out of the jail to a family member's car. At some point in time, one of the Defendants told her, "this didn't happen here."

39. Plaintiff was in the custody of the Jail/Jefferson County Sheriff's Office for approximately eighteen (18) hours, thirteen (13) of which with a broken pelvis.

40. At all times after her injury, Plaintiff was clearly in serious pain and anguish, and obviously needed medical attention.

41. Nonetheless, Plaintiff was not given medical treatment by jail medical staff, nor did they even attempt to assess her injuries. No jailers called for emergency services or requested jail medical staff to assess Plaintiff's injuries. Plaintiff was purposefully and cruelly tormented and was threatened. No medical staff called for emergency treatment nor evaluation by a physician or emergency services.

42. Cameras in the Jail recorded these events, including the severe injuries to Plaintiff at the hands of Defendant April Johnson and the hours of cruel, deliberate indifference by the other deputies.

43. Plaintiff sought emergency and long-term medical treatment on her own, and at her own expense, upon her release from the Jail. As a direct and proximate result of the conduct of the Defendants, Plaintiff has suffered permanent mental, emotional and physical injuries.

## COUNT I - EXCESSIVE FORCE

44.     Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

45.     Defendant Johnson exercised her position of authority and acting under the color of state law in their capacity as a public official and representative of the Jail and/or Jefferson County Sheriff's Office, unlawfully subjected Plaintiff to excessive and unnecessary force when Plaintiff was brutally assaulted by Defendant Johnson while being placed into a holding cell.  As stated in the facts, Defendant Johnson's behavior violated the Plaintiff's constitutionally protected rights under the Fourth and Fourteenth Amendment of the United States Constitution.

46.     Defendant Johnson's use of force on Plaintiff was excessive and was objectively unreasonable.

47.     As a result of Defendant Johnson's actions, Plaintiff sustained physical and psychological injury.

## COUNT II – ASSAULT AND BATTERY

48.     Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

49.     Defendant Johnson, exercising her position of authority and acting under the color of State Law in her capacity as a public official and representative of the Jail and/or Jefferson County Sheriff's Office, assaulted and battered Plaintiff

by willfully, wantonly and intentionally inflicting physical harm on Plaintiff. Said activity was known by Defendant Johnson to carry loss of life risks and/or major medical risks to the Plaintiff. Furthermore, Defendant Johnson brutally and cruelly harmed the Plaintiff without cause or provocation. As a result of Johnson's actions, Plaintiff sustained physical and psychological injury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims of Defendants April Johnson compensatory and punitive damages in an amount to be determined by a struck jury, plus attorney's fees and costs.

## COUNT III – FAILURE TO INTERVENE

50. Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

51. Defendants Kevin Wilson, Wardell, Latonya Wilson, Brian Reeves, Jailer Machen, Taunyeka Brown and Nurse Cole, exercising their positions of authority and acting under the color of State Law in their capacity as public officials and representatives of the Jail and/or Jefferson County Sheriff's Office, failed to prevent the wrongful assault, battery, illegal punishment, and deliberate indifference of, and toward, Plaintiff. Each of these Defendants was aware of the conduct of the others and failed to take measures to prevent said conduct or to mitigate the damage therefrom.

52. Under law clearly established by the 11th Circuit in 1996, officials who are present at the scene and observe another official violate an individual's

constitutional rights, may be held liable under §1983. *Fundiller v. City of Cooper City*, 777 F.2d 1436 (11th Cir.1985). Liability attaches whether or not the officer is a supervisor. *Byrd v. Clark*, 783 F.2d 1002 (1986).

53. As a result of said Defendants' actions, Plaintiff sustained physical and psychological injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims of Defendants Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, Brian Reeves, Jailer Machen, Taunyeka Brown, Nurse Cole and ACH, separately and severally, compensatory and punitive damages in an amount to be determined by a struck jury, plus attorney's fees and costs.

## COUNT IV – DENIAL OF DUE PROCESS
## DELIBERATE INDIFFERENCE

54. Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

55. Defendants Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, Brian Reeves, Jailer Machen, Taunyeka Brown, Nurse Cole and ACH, exercising their positions of authority and acting under the color of State Law in their capacity as public officials and representatives of the Jail and/or the Jefferson County Sheriff's Office, knew that Plaintiff had serious medical needs.

56.     Nevertheless, said Defendants acted with deliberate indifference to said serious medical needs, and further failed and refused to obtain medical treatment for Plaintiff.

57.     In doing so, said Defendants violated Plaintiff's right to due process under the Fourteenth Amendment of the United States Constitution.

58.     As a result of said Defendants' actions, Plaintiff sustained physical and psychological injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims of Defendants Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, Brian Reeves, Jailer Machen, Taunyeka Brown, Nurse Cole and ACH, separately and severally, compensatory and punitive damages in an amount to be determined by a struck jury, plus attorney's fees and costs.

COUNT V – DENIAL OF DUE PROCESS
ILLEGAL PUNISHMENT

59.     Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

60.     Defendants Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, Brian Reeves, and Jailer Machen, exercising their positions of authority and acting under the color of State Law in their capacity as public officials and representatives of the Jail and/or Jefferson County Sheriff's Office, illegals punished Plaintiff by

confining her to solitary confinement for more than ten (10) hours, all while she was suffering from a serious injury.

61.     Under the Due Process Clause of the Fourteenth Amendment, Plaintiff, as a pretrial detainee, was entitled to conditions or restrictions of pretrial detention that did not amount to punishment. *Riley v. Dorton,* 115 F.3d at 1166.

62.     Defendants' actions amounted to punishment and were not merely an incident of some other legitimate governmental purpose.

63.     Plaintiff's injuries resulting from Defendants' actions were more than *de minimis*.

64.     As a result of said Defendants' actions, Plaintiff sustained physical and psychological injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims of Defendants Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, Brian Reeves and Jailer Machen, separately and severally, compensatory and punitive damages in an amount to be determined by a struck jury, plus attorney's fees and costs.

## COUNT VI – TORT OF OUTRAGE

65.     Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

66.     Defendants Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, Brian Reeves, Jailer Machen, Taunyeka Brown, Nurse Cole, and ACH, caused Plaintiff to suffer great physical and emotional distress and other such matters as

alleged herein when Defendant Johnson brutally injured the Plaintiff, then Johnson and the other Defendants left Plaintiff in a holding cell for three (3) hours, then placed, or allowed to be placed, Plaintiff in solitary confinement for another ten (10) hours, all while Plaintiff was suffering in extreme agony and obviously needed serious medical care and treatment.

67.     Said Defendants acted intentionally to cause Plaintiff emotional and/or physical distress.

68.     Said Defendants' actions toward the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

69.     The emotional distress and bodily injury that the Defendants caused the Plaintiff to suffer were so severe that no reasonable person could be expected to endure it.

70.     As a result of said Defendants' actions, Plaintiff sustained physical and psychological injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims of Defendants Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, Brian Reeves, Jailer Machen, Taunyeka Brown, Nurse Cole and ACH, separately and severally, compensatory and punitive damages in an amount to be determined by a struck jury, plus attorney's fees and costs.

## COUNT VII - CIVIL CONSPIRACY

71.     Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

72.     Defendants Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, Brian Reeves, Jailer Machen, Taunyeka Brown, Nurse Cole and ACH, acting in concert, conspired to suppress the unwarranted and unlawful conduct of Defendant Johnson and the other Defendants (each other).

73.     Said Defendants carried out their conspiracy by failing to bring Plaintiff's injuries to the attention of supervisors, the chain of command, the Jail Physician or emergency medical personnel, by failing to provide medical care, by placing Plaintiff in an isolation cell on an isolation floor for half of a day and by violating other policies and procedures of ACH, of the Bessemer Jail and of the Jefferson County Sheriff's Office.

74.     Said conspiracy was entered into with the specific intent to cover up the violations of the Plaintiff's civil rights.

75.     As a result of said Defendants' actions, Plaintiff sustained physical and psychological injuries, and was forced to incur medical expenses.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims of Defendants Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, Brian Reeves, Jailer Machen, Taunyeka Brown, Nurse Cole and ACH, separately and severally,

compensatory and punitive damages in an amount to be determined by a struck jury, plus attorney's fees and costs.

## COUNT VIII – FAILURE TO PROVIDE NECESSARY MEDICINES AND MEDICAL ATTENTION

76.     Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

77.     At all relevant times, Defendants Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, Brian Reeves and Jailer Machen an obligation under § 14-6-19 of the Alabama Code to furnish to Plaintiff necessary medicines and medical attention.

78.     Without cause or justification, and in breach of their statutory duties and those duties imposed upon them as medical providers, Defendants Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, Brian Reeves and Jailer Machen, failed to provide medical attention to Plaintiff.

79.     At all relevant times, Defendant ACH and Defendants Taunyeka Brown and Nurse Cole had an obligation under § 14-6-19 of the Alabama Code to furnish to Plaintiff necessary medicines and medical attention.

80.     Without cause or justification, and in breach of their statutory duties and those duties imposed upon them as medical providers, Defendant ACH and Defendants Taunyeka Brown and Nurse Cole failed to provide medical attention to Plaintiff.

81.     Further, said Defendants wantonly, maliciously and in bad faith failed to provide medical attention to Plaintiff, and had no discretion to deny Plaintiff medical treatment.

82.     As a result of said Defendants' actions, Plaintiff sustained physical and psychological injuries, was forced to incur medical expenses, and will be forced to incur future medical expenses.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims of Defendants Johnson, Kevin Wilson, Wardell, Jones, Latonya Wilson, Brian Reeves, Jailer Machen, Taunyeka Brown, Nurse Cole and ACH, separately and severally, compensatory and punitive damages in an amount to be determined by a struck jury, plus attorney's fees and costs.

## COUNT IX – ALABAMA MEDICAL LIABILITY ACT

83.     Plaintiff incorporates by reference each preceding paragraph as if set forth fully at length herein.

84.     At all relevant times, Defendant ACH and Defendants Taunyeka Brown and Nurse Cole were "health care providers" under Alabama Code § 6-5-540, *et. seq*. ("the Alabama Medical Liability Act").

85.     At all relevant times, Defendants Taunyeka Brown and Nurse Cole were acting as the agents and/or employees of ACH.

86.     At all relevant times, Defendants Taunyeka Brown and Nurse Cole, and Defendant ACH (individually and by and through its employees/agents), were

under a legal duty to exercise toward Plaintiff that degree of reasonable care, skill and diligence as other similarly situated health care providers in the same general line of practice under the facts and circumstances of this case.

87. Defendant ACH and Defendants Taunyeka Brown and Nurse Cole, separately and severally, breached the standard of care required of them, and hence, were negligent in one or more of the following respects, to wit:

  a. Negligently failing to properly, adequately and/or safely evaluate and assess Plaintiff;

  b. Negligent diagnosis, care and treatment of Plaintiff;

  c. Negligently failing to act upon reports/information relative to the proper care of Plaintiff;

  d. Failure to follow policies and procedures concerning said procedure, whether implemented by law, employer, the State of Alabama or other entity;

  e. Failure to devise, implement, prepare, provide or compel compliance with proper policies and procedures.

88. Defendant ACH is corporately liable for the actions of any and all medical care providers who attended or who failed to attend to Plaintiff.

89. Furthermore, Defendant ACH is liable and responsible for a failure to devise, implement, prepare, provide, or compel compliance with proper policies

concerning the credentialing and qualifications of the medical staff providing care to Plaintiff.

90.     Plaintiff was caused to seek emergency and long-term medical treatment on her own upon her release from the Jail.

91.     Said Defendants' separate and several breaches of their duties of care caused Plaintiff to suffer physical and psychological damages, and medical expenses.

92.     Plaintiff avers that the aforesaid negligence of said Defendants, separately and severally, combined and concurred to proximately cause the following injuries and damages, to wit:

Plaintiff was caused to suffer physical pain and suffering, she was caused to suffer permanent physical and neurological damage; she was caused to suffer mental anguish and emotional distress; she was caused to incur medical expenses; she will yet still incur future medical expenses; she will yet still incur more pain and suffering and mental anguish and emotional distress; she was caused to suffer a permanent injury to her body and affecting her body as a whole; she was caused to suffer a permanent limitation and restriction of her activities; she was caused to suffer loss of enjoyment of life; she was caused to suffer interference with normal daily activities; she was caused to incur medical expenses; she was caused to suffer loss of earning capacity and/or lost wages; she was caused to be

disfigured; she was caused to be otherwise permanently injured and damaged, all to her detriment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims of Defendant ACH, and Defendants Taunyeka Brown and Nurse Cole, separately and severally, compensatory and punitive damages in an amount to be determined by a struck jury, plus attorney's fees and costs.

## PRAYER FOR RELIEF

On all of the above Counts, Plaintiff demands the following relief:

I.      Grant Plaintiff compensatory and punitive damages against each of the individual Defendants in their individual capacities.

II.      Grant Plaintiff compensatory and punitive damages against Defendant ACH.

III.      Award Plaintiff costs and reasonable attorney fees.

IV.      Award such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts and issues so triable.

s/ Trey J. Malbrough
Trey J. Malbrough
Bar Number: ASB-2898-R46M
Attorney for Plaintiff
THE MALBROUGH FIRM, LLC
Post Office Box 531383
Birmingham, Alabama 35253
Telephone: (205) 701-0707
Fax: (205) 820-0123
E-mail: trey@tmbfirm.com

# JURY DEMAND

Plaintiff hereby demands a struck jury for the trial in this cause.

<u>s/ Trey J. Malbrough</u>
Trey J. Malbrough


<u>DEFENDANT'S ADDRESSES</u>:

April Johnson
c/o Jefferson County Sheriff's Office
2200 Reverend Abraham Woods Jr. Blvd.
Birmingham, AL 35203

Kevin Wilson
c/o Jefferson County Sheriff's Office
2200 Reverend Abraham Woods Jr. Blvd.
Birmingham, AL 35203

Joseph Wardell
c/o Jefferson County Sheriff's Office
2200 Reverend Abraham Woods Jr. Blvd.
Birmingham, AL 35203

Frank Jones
c/o Jefferson County Sheriff's Office
2200 Reverend Abraham Woods Jr. Blvd.
Birmingham, AL 35203

Latonya Wilson
c/o Jefferson County Sheriff's Office
2200 Reverend Abraham Woods Jr. Blvd.
Birmingham, AL 35203

Brian Reeves
c/o Jefferson County Sheriff's Office

2200 Reverend Abraham Woods Jr. Blvd.
Birmingham, AL 35203

Jailer Machen
c/o Jefferson County Sheriff's Office
2200 Reverend Abraham Woods Jr. Blvd.
Birmingham, AL 35203

Advanced Correctional Healthcare, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Taunyeka Brown
c/o Porterfield, Harper, Mills, Motlow
& Ireland, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, Alabama 35242

Jail Nurse Cole
(Employee of ACH)
c/o Porterfield, Harper, Mills, Motlow
& Ireland, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, Alabama 35242

## Appendix to Exhibits

Exhibit 1 - Holding Cell Hall 1/3

Exhibit 2 - Holding Cell Hall 2/3

Exhibit 3 - Holding Cell Hall 3/3

Exhibit 4 - Defendant April Johnson

Exhibit 5 - Defendants Johnson and Wardell - 1/2

Exhibit 6 - Defendants Johnson and Wardell - 2/2

Exhibit 7 - Defendants Johnson and Kevin Wilson

Exhibit 8 - Holding Cell Hallway

Exhibit 9 - Holding Elevator

Exhibit 10 - Isolation Elevator Hall 1/4

Exhibit 11 - Isolation Elevator Hall 2/4

Exhibit 12 - Isolation Elevator Hall 3/4

Exhibit 13 - Isolation Elevator Hall 4/4

Exhibit 14 - Post Release Isolation Elevator Hall 1/3

Exhibit 15 - Post Release Isolation Elevator Hall 2/3

Exhibit 16 - Post Release Isolation Elevator Hall 3/3

Exhibit 17 - Plaintiff at Initial Booking

Exhibit 18 - Plaintiff at 8.43.43 A.M.

Exhibit 19 - Plaintiff at 8.44.39 A.M.

Exhibit 20 - Plaintiff at 10.18.07 A.M.

Exhibit 21 - Plaintiff at 10.59.27 A.M.

Exhibit 22 - Plaintiff at 9.21.49 P.M.

Exhibit 23 - Plaintiff at 9.22.59 P.M.